IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rhonda Meisner, | ) | C/A No. 3:15-3523-CMC-PJG |
| Plaintiff, | ) | |
| v. | ) | |
| Zymogenetics, Inc., *a wholly-owned subsidiary of Bristol Myers Squibb, Inc.*; Zymogenetics, LLC, *a wholly owned subsidiary of Zymogenetics, Inc.*; Bristol Myers Squibb, Inc.; Tracey Caldarazzo; Jeff Fortino; Stephanie Lewis, *individually and as a member of Jackson Lewis, PC, Greenville*; Jackson Lewis LLP, *Greenville*; Jackson Lewis, PC; John Does and Jane Does 1-10 *(Whose name is unknown or as yet discovered)*, | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |

The plaintiff, Rhonda Meisner, a self-represented litigant, filed a Complaint in the Court of Common Pleas in Richland County asserting state law claims. The defendants removed the case to federal district court pursuant to 28 U.S.C. § 1446, asserting jurisdiction based upon 28 U.S.C. § 1332 and § 1441. Although Meisner and Defendants Jackson Lewis LLP; Jackson Lewis, PC; and Stephanie Lewis are citizens of South Carolina, the defendants contend that these defendants were fraudulently joined, enabling the district court to retain jurisdiction and disregard the non-diverse defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Meisner's motion to remand (ECF No. 11), to which the defendants responded (ECF No. 13) and Meisner replied (ECF No. 15). Having reviewed the parties' submissions, the court finds that Meisner's motion to remand should be denied.

**BACKGROUND**[1]

This action stems from the 2010 termination of Meisner's employment with ZymoGenetics[2] and Meisner's prior lawsuit in this court, C/A No. 3:12-00684-CMC (hereinafter referred to as "Meisner I"). Specifically, in the case at bar, Meisner raises the following causes of action: (1) breach of contract against ZymoGenetics; (2) tortious interference with a contract against Defendant Tracey Caldarazzo; (3) negligent retention of Caldarazzo presumably against ZymoGenetics; and (4) civil conspiracy against Defendants Jeff Fortino, Stephanie Lewis, Jackson Lewis, PC, and Bristol Myers Squibb, Inc. As part of her request for damages, Meisner seeks monetary damages consisting of back pay, front pay, compensation for lost benefits, 401k matches, buyouts, trips, and bonuses together with liquidated damages in an equal amount, as well as pre-judgment and post-judgment interest and actual damages, punitive damages, and attorney's fees against the defendants for the conspiracy.

**DISCUSSION**

The party seeking removal has the burden of establishing federal subject matter jurisdiction. Hoschar v. Appalachian Power Co., 739 F.3d 163, 169 (4th Cir. 2014). State court defendants may remove to federal district court a civil action over which the district courts have original subject matter jurisdiction. 28 U.S.C. § 1441(a). "Removal must be strictly construed, and 'if federal jurisdiction is doubtful, a remand to state court is necessary.'" Hughes v. Wells Fargo Bank, N.A.,

---

[1] The background includes only the facts necessary to address the motion to remand. For a thorough explanation of the prior litigation, see Meisner v. ZymoGenetics, Inc., C/A No. 3:12-cv-00684-CMC-PJG, 2014 WL 4721680 (D.S.C. Sept. 22, 2014).

[2] The court collectively refers to ZymoGenetics, Inc. and ZymoGenetics, LLC as "ZymoGenetics."



617 F. App'x 261, 264-65 (4th Cir. 2015) (quoting Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (*per curiam*)).  Pursuant to 28 U.S.C. § 1332(a)(1), federal subject matter jurisdiction exists if the amount in controversy exceeds $75,000 and the suit is between citizens of different states.[3]  28 U.S.C. § 1332(a)(1).  Diversity jurisdiction requires that the parties be completely diverse, meaning the plaintiff cannot be a citizen of the same state as any defendant.  See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).  However, the fraudulent joinder doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."  Johnson v. Am. Towers, LLC, 781 F.3d 693, 704 (4th Cir. 2015) (quoting Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)).

"The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Johnson, 781 F.3d at 704 (quoting Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999)). To establish fraudulent joinder, the removing party must demonstrate either "outright fraud in the plaintiff's pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court."  Id. (emphasis in original). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."  Hartley, 187 F.3d at 424.  "To defeat an allegation of fraudulent joinder, the plaintiff need establish 'only a slight possibility of a right to relief.' " Hughes

---

[3] It is undisputed that Meisner's Complaint does not raise a federal question.  See 28 U.S.C. § 1331.



v. Wells Fargo Bank, N.A., 617 F. App'x 261, 264-65 (4th Cir. 2015) (quoting Mayes, 198 F.3d at 464); see also Mayes, 198 F.3d at 466 (stating that a plaintiff must show only a "glimmer of hope" of succeeding against the non-diverse defendants). "Further, in determining whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." Mayes, 198 F.3d at 464 (internal quotation marks and citations omitted).

Meisner seeks remand of this case and argues that the defendants cannot meet the burden of demonstrating fraudulent joinder of the non-diverse defendants.[4] As indicated above, Meisner and Defendants Jackson Lewis LLP; Jackson Lewis, PC; and Stephanie Lewis (the "non-diverse defendants") are citizens of South Carolina. The defendants allege that the non-diverse defendants were fraudulently joined, enabling the district court to retain jurisdiction and disregard the non-diverse defendants. The only claim that includes the non-diverse defendants is Meisner's claim for civil conspiracy, which arises out of alleged actions taken by individuals involved in the litigation of Meisner I.

In Meisner I, Meisner alleged unlawful discrimination, harassment, and retaliation associated with her employment with, and ultimately her termination from, ZymoGenetics; she also raised a claim of slander against Defendant Caldarazzo and a claim under the South Carolina Payment of Wages Act. Stephanie Lewis, Esquire, an attorney with Jackson Lewis, served as the lead defense

---

[4] Meisner's motion also appears to question whether her Complaint may be construed as satisfying the amount in controversy required for diversity jurisdiction to exist. However, as detailed by the defendants in their notice of removal and in their response in opposition to the motion to remand, the defendants have demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000. (See ECF No. 1 at 5-6; ECF No. 13 at 10-14.) Meisner has failed to present legally sound arguments to challenge the defendants' showing or otherwise unequivocally state that she is seeking less than $75,000.



attorney in Meisner I, appearing on behalf of Defendants ZymoGenetics and Caldarazzo.  In the instant action, Meisner alleges a civil conspiracy claim based on allegations that Lewis submitted false declarations by Jeff Fortino (a former employee of ZymoGenetics and Meisner's former supervisor) in Meisner I.  The court notes that in Meisner I, Meisner similarly argued that the defendants' motion for summary judgment should be denied based on her allegations that Fortino's declaration consisted of perjured statements and that defendants' counsel aided and suborned it.  In ruling on the defendants' motion for summary judgment, the Honorable Cameron McGowan Currie, Senior United States District Judge, specifically noted as follows:

> Meisner's subornation argument rests primarily if not solely on Fortino's assertion in his first declaration that he had not "communicated with anyone about this lawsuit other than the attorneys handling the case for Defendants."  Meisner suggests this statement is false and the falsity was known to counsel because, prior to execution of his first declaration, Fortino received a call from Amy Maxwell[, another employee with ZymoGenetics], who stated that she was willing to give a deposition on behalf of Defendants.  Fortino responded that he would pass that information on to counsel and he apparently did so.  Thus, Fortino's statement that he had not "communicated with anyone about this lawsuit" is not literally true—he did pass on a message from a potential witness that she was willing to give a deposition.  While the phrasing of the declaration is careless, this does not suffice to raise an inference of perjury, much less subornation of perjury, because Fortino (and his counsel) may have intended the term "communication" to refer to substantive discussions.

(Meisner I, ECF No. 303 at 4 n.4.)  Meisner's allegations of civil conspiracy in the instant action appear to rest on these same assertions.

The defendants argue that there is no possibility that Meisner can establish a civil conspiracy claim against the non-diverse defendants because these defendants are immune from liability where they were acting within the scope of their representation of a client.  In South Carolina,

> "Generally, an attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client."  Pye v. Estate of Fox, 633 S.E.2d 505, 509 (S.C. 2006)



(quoting Gaar v. N. Myrtle Beach Realty Co., Inc., 339 S.E.2d 887, 889 (S.C. Ct. App. 1986)). Further, an attorney owes no duty to a non-client unless he "breaches some independent duty to a third person or acts in his own personal interest, outside the scope of his representation of the client." Stiles v. Onorato, 457 S.E.2d 601, 602 (S.C. 1995).

Argoe v. Three Rivers Behavioral Ctr. & Psychiatric Solutions, 697 S.E.2d 551, 554 (S.C. 2010).

The defendants assert that "this case comes on precisely the same procedural footing" as that in Bertwell v. Allstate Insurance Co., C/A No. 0:07-3875-CMC, 2008 WL 304735 (D.S.C. Jan. 31, 2008), where the court dismissed the fraudulently joined non-diverse defendant. (Def.'s Resp. Opp'n Mot. to Remand at 7, ECF No. 13 at 7.) Pertinent here, as in Bertwell, the relationship between the plaintiff and the non-diverse defendants was that of "adversaries in the legal process" and the allegations all relate to alleged actions taken by the non-diverse defendants in the prior lawsuit. See Bertwell, 2008 WL 304735, at*1. Meisner's attempts to distinguish her case from Bertwell by alleging that Defendant Lewis owed a duty as an officer of the court to the court and the parties to the proceedings are unavailing, as the non-diverse defendant attorney in Bertwell would have had a similar alleged duty. Meisner also argues that Fortino was not Defendant Lewis's client during the time in question, and therefore no attorney client relationship existed between Fortino and the non-diverse defendants. This argument misses the mark—interviewing Fortino as a witness and obtaining a statement from him in support of motions made on behalf of their client were clearly in furtherance of the non-diverse defendants' representation of Bristol Myers Squibb, Inc. and its subsidiaries. In fact, Meisner's Complaint acknowledges that Defendant Lewis was acting on behalf of Bristol Myers Squibb, Inc. Thus, there are no allegations that the non-diverse defendants acted outside of their role in representing Bristol Myers Squibb, Inc. and they are entitled to immunity.

Accordingly, Meisner does not have "a slight possibility of a right to relief," Hughes, 617 F. App'x at 264-65, or a "glimmer of hope" of succeeding in her claims against the non-diverse defendants. Mayes, 198 F.3d at 466. Therefore, the court finds that the non-diverse defendants were fraudulently joined and their citizenship is disregarded for jurisdictional purposes, resulting in a finding of the existence of diversity jurisdiction under 28 U.S.C. § 1332.

Meisner's remaining arguments suggesting that the removal of the Complaint was procedurally improper are wholly without merit. See United States v. Patel, 879 F.2d 292, 295 (7th Cir. 1989) ("When issues patently lack merit, the reviewing court is not obliged to devote scarce judicial resources to a written discussion of them.").

## RECOMMENDATION

For the foregoing reasons, the court recommends that Meisner's motion to remand (ECF No. 11) be denied. If this recommendation is adopted, the court further recommends that the non-diverse defendants be dismissed from this action and that Meisner be directed to file a response to the defendants' pending motion to dismiss within fourteen days after the district court issues a ruling on Meisner's motion to remand, thus mooting Meisner's motion to stay (ECF No. 14).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 9, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).