IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Rhonda Meisner,<br><br>      Plaintiff<br><br>   v.<br><br>Zymogenetics, Inc., *a wholly-owned subsidiary of Bristol Myers Squibb, Inc.*; Zymogenetics, LLC, *a wholly-owned subsidiary of Zymogenetics, Inc.*; Bristol Myers Squibb, Inc.; Tracey Caldarazzo; Jeff Fortino; Stephanie Lewis, *individually and as a member of Jackson Lewis, PC, Greenvillle*; Jackson Lewis LLP, Greenville; Jackson Lewis, PC; John Does and Jane Does 1-10 (*whose name is unknown or as yet discovered*),<br><br>      Defendants. | C/A. No. 3:15-3523-CMC-PJG<br><br><br><br>**Opinion and Order on<br>Plaintiff's Motion to Remand** |

This matter is before the court on Plaintiff's motion to remand to state court. ECF No. 11. Plaintiff filed a *pro se* complaint in the Court of Common Pleas for Richland County containing state law claims. Defendants removed the case to this court pursuant to 28 U.S.C. § 1446, asserting diversity jurisdiction. ECF No. 1. Although Defendants Jackson Lewis, LLP; Jackson Lewis, PC; and Stephanie Lewis are citizens of South Carolina, so that complete diversity does not exist, Defendants contend that these defendants were fraudulently joined. *Id.*

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On March 9, 2016, the Magistrate Judge issued a Report recommending that the motion for remand be denied and that the non-diverse Defendants be dismissed from the action. ECF No. 19. The Magistrate Judge advised the Parties of the

procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections to the Report on March 28, 2016. ECF No. 21. Defendants did not file objections.

**I.  Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to the objections made, and considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendation that Plaintiff's motion to remand should be denied and the non-diverse Defendants dismissed from this action. Accordingly, the court adopts the Report for the reasons stated in the Report and as further addressed below.[1]  Plaintiff's motion to remand is

---

[1] This court will allow Plaintiff a longer time than recommended by the Report to respond to Defendants' Motion to Dismiss; however, the balance of the Report is adopted.

2

**denied**, and Defendants Stephanie Lewis, Jackson Lewis PC, and Jackson Lewis LLP are hereby **dismissed** from this action without prejudice.[2]

## II. Discussion

Plaintiff presents ten objections to the Report. The court reviews Plaintiff's objections below.

### A. Fraudulent Joinder

Plaintiff's primary objection is that the doctrine of fraudulent joinder is not applicable in this case. To show fraudulent joinder of a party, a removing party "must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transportation, Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). Plaintiff alleges that she has a viable cause of action against Lewis and her firm, the in-state defendants, because South Carolina law permits attorneys to be a part of a civil conspiracy if he or she "breaches some independent duty to a third person or acts in his own personal interest, outside the scope of his

---

[2] This court's inquiry into fraudulent joinder is to make a determination as to jurisdiction only, and thus the court is unable to make a decision as to dismissal on the merits. Therefore, the dismissal must be without prejudice. *See Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 896 (8th Cir. 2014) (dismissing non-diverse defendant without prejudice due to the temporary jurisdiction allowed by the doctrine of fraudulent joinder); *Hogan v. Raymond Corp.*, 536 F. App'x 207, 211 (3d.Cir. 2013) ("The fraudulent joinder inquiry is a jurisdictional one and not a merits determination. Thus, instead of dismissing [the plaintiff's] claims against [the non-diverse defendant] with prejudice under Rule 12(b)(6), the District Court should have dismissed them for lack of subject matter jurisdiction under Rule 12(b)(1)."); *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004) ("Once [the district court] determined that [the non-diverse defendants] were fraudulently joined, the district court had no jurisdiction to resolve the merits of the claims against them. In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice.").

3

representation of the client." *Stiles v. Ororato*, 457 S.E.2d 601, 602 (S.C. 1995). Although the case law is clear that an attorney may be held liable for civil conspiracy in some circumstances, there is simply no such evidence in this case.

Plaintiff avers that the subornation of perjury in Plaintiff's first filed case on these issues is evidence of a conspiracy in which attorney Lewis was a part; however, this court has already determined that the proffered evidence was not sufficient to "suggest perjury by [Defendant], much less subornation of perjury by defense counsel." *Meisner v. Zymogenetics, et al.*, C/A No. 3:12-cv-00684-CMC-PJG, 2014 WL 6686791 at *2 (D.S.C. Nov. 25, 2014). Other than Plaintiff's accusations of perjury, there is no evidence of a civil conspiracy to support a claim against Lewis or her firm (which is sued only because Lewis is its managing member).

Plaintiff cites *Fabian v. Lindsay* in support of her argument that an attorney can be held liable to a third party in the absence of an attorney-client relationship, and claims that the South Carolina Supreme Court should determine whether the facts in her case create an exception to the removal statutes. 765 S.E.2d 132 (S.C. 2014). Plaintiff argues that the Report did not address *Fabian*; however, that was not necessary as it is easily distinguishable from the case at hand. *Fabian* discusses liability for legal malpractice, which is wholly distinct from a cause of action for civil conspiracy, such as the one alleged here. The court in *Fabian* noted that privity is required for a legal malpractice action, but allowed a cause of action by a third party beneficiary of an estate planning document. *Id.* at 492. The court specified that its holding was limited to estate planning documents and did not encompass other types of legal documents or causes of action. *Fabian* has no bearing on the outcome of the removal or remand of this case.

4

As the Magistrate Judge noted in the Report, Plaintiff's civil conspiracy claim cannot survive against attorney Lewis and her firm, as attorneys are immune from liability if they are acting within the scope of representation of a client. *See Argoe v. Three Rivers Behavioral Ctr. & Psychiatric Solutions*, 697 S.E.2d 551 (S.C. 2010); *Pye v. Estate of Fox*, 633 S.E.2d 505, 509 (S.C. 2006). This court has addressed a similar issue where allegations related to actions taken by non-diverse attorney defendants in a previous lawsuit. *See Bertwell v. Allstate Insurance Co.*, C/A No. 0:07-3875-CMC, 2008 WL 304735 (D.S.C. Jan. 31, 2008). In that case, this court dismissed the non-diverse, fraudulently joined defendants, who had been adversaries of the plaintiff in a previous legal action but had taken no actions to further their own personal benefit outside the scope of their representation. *Id.* at 3. As the Report explains, Lewis' actions here of interviewing a witness and obtaining his statement in support of motions made on behalf of her client were undoubtedly within her scope of representation, and there are no other allegations of actions in furtherance of the conspiracy and outside her representation. Therefore, Plaintiff's claim for civil conspiracy has no possibility that Plaintiff will be able to establish a cause of action against Lewis and her firm, rendering Lewis and her firm fraudulently joined.

### B.     *Scope of Inquiry*

Plaintiff also argues other procedural issues, such as her claim that the Magistrate Judge's Report and Recommendation exceeded the scope of the limited inquiry for removal. However, jurisdiction is a threshold issue that must be determined in order for the case to proceed. Plaintiff's objections later recognize this point, noting that "[t]he [c]ourt has not determined jurisdiction which is required prior to issuing Orders." ECF No. 21 at 5. As this case necessarily involved

diversity jurisdiction and allegations of fraudulent joinder, the determination of the capacity and scope of attorney Lewis' relationship with Bristol Myers Squibb was required.

### C. *Well-pleaded Complaint Rule*

Plaintiff avers that the Report conflicts with the well-pleaded complaint rule. As that rule regards federal question jurisdiction, not diversity jurisdiction, it is not applicable in this case.

### D. *Diversity Jurisdiction*

Plaintiff argues that the Report did not make an independent determination of diversity jurisdiction for each claim and defendant. Defendants other than Lewis and her firm are diverse from Plaintiff. If the non-diverse defendants are dismissed, the case can go forward in federal court under diversity jurisdiction. The Report made a finding that, because the non-diverse defendants (Lewis and Jackson Lewis) were fraudulently joined, their citizenship is disregarded for jurisdictional purposes and diversity exists. This finding is sufficient to support diversity jurisdiction over the remaining parties.

## II. Conclusion

Having conducted a de novo review of the Report, Plaintiff's objections, and underlying motion and memoranda, the court adopts the recommendations of the report other than the time period for Plaintiff's response to Defendants' motion to dismiss. Plaintiff's motion to remand is **denied** and the non-diverse defendants (Lewis, Jackson Lewis, PC, and Jackson Lewis, LLP) are **dismissed** without prejudice. Plaintiff is to respond to Defendants' motion to dismiss (ECF No. 8), filed September 9, 2015, within twenty-six days of the entry of this Order. This time period

preserves the remaining amount of time provided for response to the motion when it was originally filed. Plaintiff's motion to stay (ECF No. 14) is moot. The court denies Plaintiff's request for a hearing on this issue as it is adequately considered on the briefs.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
April 7, 2016