IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rhonda Meisner, ) | C/A No.  3:15-3523-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Zymogenetics, Inc., *a wholly-owned subsidiary* ) | |
| *of Bristol Myers Squibb, Inc.*; Zymogenetics, ) | |
| LLC, *a wholly owned subsidiary of* ) | |
| *Zymogenetics, Inc.*; Bristol Myers Squibb, Inc.; ) | |
| Tracey Caldarazzo; Jeff Fortino; John Does ) | |
| and Jane Does 1-10 *(Whose name is unknown* ) | |
| *or as yet discovered)*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Rhonda Meisner, a self-represented litigant, filed a Complaint in the Court of Common Pleas in Richland County asserting state law claims.  The defendants removed the case to federal district court pursuant to 28 U.S.C. § 1446, asserting jurisdiction based upon 28 U.S.C. § 1332 and § 1441.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion to dismiss (ECF No. 8).  Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Meisner was advised of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendants' motion.  (ECF No. 9.)  Meisner ultimately filed a response in opposition to the defendants' motion (ECF No. 28), to which the defendants replied (ECF No. 31).  Having reviewed the parties' submissions, the court finds that the defendants' motion to dismiss should be granted.

**BACKGROUND**

This action stems from the 2010 termination of Meisner's employment with ZymoGenetics[1] and Meisner's prior lawsuit in this court, C/A No. 3:12-00684-CMC (hereinafter referred to as "Meisner I").  In Meisner I, Meisner alleged unlawful discrimination, harassment, and retaliation associated with her employment with, and ultimately her termination from, ZymoGenetics; she also raised a claim of slander against Defendant Caldarazzo and a claim under the South Carolina Payment of Wages Act.[2]  In the case at bar, Meisner raises the following causes of action:  (1) breach of contract against ZymoGenetics; (2) tortious interference with a contract against Defendant Tracey Caldarazzo; (3) negligent retention of Caldarazzo, presumably against ZymoGenetics; and (4) civil conspiracy against Defendants Jeff Fortino and Bristol Myers Squibb, Inc.

The defendants argue that all of Meisner's claims in the instant matter should be dismissed pursuant to the doctrine of *res judicata*—specifically, claim preclusion.  Alternatively, the defendants argue that Meisner's claim for breach of contract is barred by the statute of limitations and has not been plausibly pled; her claim for tortious interference with a contract is barred by the statute of limitations; her claim for negligent retention is barred by the statue of limitations and the South Carolina Workers' Compensation Act; and her claim for civil conspiracy is barred by collateral estoppel and applicable law pertaining to perjury or subornation of perjury.

---

[1] The court collectively refers to ZymoGenetics, Inc. and ZymoGenetics, LLC as "ZymoGenetics."

[2] For a thorough explanation of the prior litigation, see Meisner v. ZymoGenetics, Inc., C/A No. 3:12-cv-00684-CMC-PJG, 2014 WL 4721680 (D.S.C. Sept. 22, 2014).



**DISCUSSION**

**A.     Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Further, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed."[3] Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396-97 (4th Cir. 2006) (citing Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999) (permitting consideration of extraneous material if such materials are "integral to and explicitly relied on in the complaint");

---

[3] Thus, contrary to Meisner's arguments, considering the filings and rulings in Meisner I in making this Report and Recommendation does not require the court to convert the defendants' motion to dismiss into a motion for summary judgment.



Gasner v. Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (permitting district court to take judicial notice of public documents, such as court records, even when the documents are neither referenced by nor integral to plaintiff's complaint).

In applying this standard, the court observes that it is required to liberally construe *pro se* complaints. Erickson, 551 U.S. at 94. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.**     ***Res Judicata***

"For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits." Pueschel v. United States, 369 F.3d 345, 354-



55 (4th Cir. 2004).[4]  However, the claims asserted do not have to be identical; rather, the determination "turns on whether the suits and the claims asserted therein 'arise out of the same transaction or series of transactions or the same core of operative facts.' " Id. at 355 (quoting In re Varat Enters., Inc., 81 F.3d 1310, 1316 (4th Cir. 1996)).  Moreover, "the doctrine of res judicata not only bars claims that were actually litigated in a prior proceeding, but also claims that could have been litigated." Id. at 355-56 (citations omitted).

In the instant action, the defendant has demonstrated that all the elements of *res judicata* are present.  First, the court entered a final judgment on the merits in Meisner I.[5]  See Shoup, 872 F.2d at 1181 (noting that a grant of summary judgment "has always been considered a final disposition on the merits" for the purposes of *res judicata*) (internal quotation marks and citations omitted); see also Machado v. Davis, No. 4:11-1758-KDW, 2012 WL 4051123, at *7 (D.S.C. Sept. 13, 2012) ("[T]he fact that the order granting summary judgment is currently pending on appeal does not affect the application of res judicata to that ruling.") (citations omitted).

Second, as detailed at length in the defendants' motion to dismiss, the allegations contained in the instant Complaint are nearly identical to, and stem from, the same set of facts that gave rise

---

[4] Contrary to Meisner's position that the court should apply South Carolina law in determining whether the doctrine of *res judicata* bars her claims, the United States Court of Appeals for the Fourth Circuit has held that "[f]ederal law determines the effects under the rules of res judicata of a judgment of a federal court." Shoup v. Bell & Howell Co., 872 F.2d 1178, 1179 (4th Cir. 1989).  The judgment at issue in this case is the federal judgment from Meisner I; thus, federal law applies.  Meisner has failed to point to any support for her argument to the contrary.  Moreover, as noted by the defendants, even if the court applied South Carolina law pertaining to *res judicata* the result would be the same.  (See Defs.' Reply to Mot. to Dismiss at 5 n.5, ECF No. 31 at 5.)

[5] The court may take judicial notice of the content of its own files.  See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").



to Meisner's claim for relief in the previous civil action against ZymoGenetics and Caldarazzo. (See Defs.'s Mem. Supp. Mot. to Dismiss at 12-17, 21-23, ECF No. 8-1 at 12-17, 21-23.) In the instant action, Meisner's claims of breach of contract, tortious interference with a contract, and negligent retention all arise out of the same employment relationship as Meisner's employment claims in Meisner I and therefore satisfy the second element of *res judicata* as identified above. See, e.g., Harms v. United States, No. 91-2627, 1992 WL 203942, at *7 (4th Cir. Aug. 24, 1992) (holding where "the root of both actions is [the plaintiff's] allegedly wrongful dismissal, and the allegedly false information disseminated by fellow . . . employees during an investigation into [the plaintiff's] conduct," the same operative facts gave rise to each action, satisfying the requirement of an identity of the cause of action in both the earlier and later actions); Machado, 2012 WL 4051123, at *8 (holding where "[b]oth lawsuits concern Plaintiff's belief he was treated unfairly and unlawfully during employment and termination" that Plaintiff's claims in his prior and current lawsuit satisfied the requirement of an identity of the cause of action). Specifically, as pointed out by the defendants, the claims in both cases include allegations that Caldarazzo "falsely reported inappropriate conduct by Meisner and other female colleagues and that ZymoGenetics failed to investigate these reports and terminated Meisner's employment without an adequate investigation." (Defs.' Mem. Supp. Mot. to Dismiss at 12, ECF No. 8-1 at 12.) Further, Meisner's civil conspiracy claim is based entirely on conduct that she alleges occurred during the proceedings in Meisner I, conduct which she relied upon in opposition to the defendants' motion for summary judgment in Meisner I. The crux of Meisner's

*PJG*

civil conspiracy claim is that the defendants conspired to submitted false declarations by Defendant Fortino in Meisner I.[6]

Thus, all of the claims presented in the instant Complaint "arise out of the same transaction or series of transactions or the same core of operative facts" and could have been litigated in the prior proceeding.  See Pueschel v. United States, 369 F.3d at 355-56; see also Harnett v. Billman, 800 F.2d 1308, 1314 (4th Cir. 1986) ("Claims may arise out of the same transaction or series of transactions even if they involve different harms or different theories or measures of relief."); Olmstead v. Amoco Oil Co., 725 F.2d 627, 632 (11th Cir. 1984) (*Res judicata* "extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.") (internal quotation marks and citation omitted); Leo v. Garmin Int'l, Inc., No. 10-2495-JTM, 2011 WL 1097759, at *2 (D. Kan. Mar. 22, 2011) (holding

---

[6] As summarized in the court's previous Report and Recommendation in the instant case, Meisner similarly argued in Meisner I that the defendants' motion for summary judgment should be denied based on her allegations that Fortino's declaration consisted of perjured statements and that defendants' counsel aided and suborned it.  In ruling on the defendants' motion for summary judgment, the Honorable Cameron McGowan Currie, Senior United States District Judge, specifically noted as follows:
> Meisner's subornation argument rests primarily if not solely on Fortino's assertion in his first declaration that he had not "communicated with anyone about this lawsuit other than the attorneys handling the case for Defendants."  Meisner suggests this statement is false and the falsity was known to counsel because, prior to execution of his first declaration, Fortino received a call from Amy Maxwell[, another employee with ZymoGenetics], who stated that she was willing to give a deposition on behalf of Defendants.  Fortino responded that he would pass that information on to counsel and he apparently did so.  Thus, Fortino's statement that he had not "communicated with anyone about this lawsuit" is not literally true—he did pass on a message from a potential witness that she was willing to give a deposition.  While the phrasing of the declaration is careless, this does not suffice to raise an inference of perjury, much less subornation of perjury, because Fortino (and his counsel) may have intended the term "communication" to refer to substantive discussions.

(Meisner I, ECF No. 303 at 4 n.4.)  Meisner's allegations of civil conspiracy in the instant action appear to rest on these same assertions.



that *res judicata* applied to the plaintiff's claims of perjury, obstruction of justice, and "Conducting an Illegal Deposition," as all of these claims related directly to the plaintiff's prior employment discrimination litigation and could have been asserted in the prior litigation).

Meisner's argument that she was not aware of these claims at the time she filed her complaint or even before the deadline to amend her pleadings does not impact the application of *res judicata* to these claims. As the defendants have discussed,

> Actual knowledge of a potential claim is not a requirement for application of the rules of merger and bar, however; rather, the appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment. For purposes of res judicata, it is not necessary to ask if the plaintiff knew of his present claim at the time of the former judgment, for it is the existence of the present claim, not party awareness of it, that controls.

Harnett, 800 F.2d at 1313 (citation omitted). Moreover, Meisner never sought leave to amend her complaint in Meisner I to add these claims.[7] Meisner's remaining arguments directly contradict the above discussed law and are therefore unavailing. The defendants have demonstrated an identity of the causes of action in both the earlier and later suit.

Third, the defendants have demonstrated that there is privity between the parties in Meisner I and the current action. In fact, ZymoGenetics and Tracey Caldarazzo were defendants in Meisner I. The only remaining defendants in the instant action are Jeff Fortino and Bristol Myers Squibb, Inc.—both of whom are solely named in the civil conspiracy claim. "The concept of privity requires an alignment of interests and not an exact identity of parties." Weinberger v. ASCII Group, Inc., 510 F.3d 486, 492 (4th Cir. 2007). "[P]rivity centers on the closeness of the relationship in question." Id. ZymoGenetics, LLC and ZymoGenetics, Inc. are wholly-owned subsidiaries of Bristol Myers

---

[7] Although Meisner filed more than one motion to amend her Complaint during the pendency of Meisner I, she did not seek to add these claims.



Squibb, Inc. and are even identified as such in the caption. Case law provides that a parent company and subsidiary are in privity in such a situation. See, e.g., Whitehead v. Viacom, 233 F. Supp. 2d 715, 721 (D. Md. 2002) (holding a parent company and its wholly-owned subsidiary to be in privity for purposes of *res judicata*). With regard to Fortino, Meisner points out in her Complaint that Fortino was her manager while she was employed at ZymoGenetics, and her claim stems from allegations that he submitted false declarations in support of ZymoGenetics in Meisner I. In fact, Meisner unsuccessfully sought to add Fortino as an individual defendant with regard to her Title VII claim in Meisner I. (Meisner I, ECF Nos. 117, 119, & 121.) Finally, as noted above, Meisner raised allegations of perjury—which form the basis of her conspiracy claim—as a basis to deny the defendants' motion for summary judgment in Meisner I, and ZymoGenetics disputed these allegations. Under these circumstances, the court finds that Fortino has a sufficiently close relationship with ZymoGenetics to be in privity with it.[8]

**C.     Alternative Grounds**

Although the entire Complaint is subject to dismissal on the basis of *res judicata*, the court notes that, as argued by the defendants, Meisner's claims for breach of contract, tortious interference with a contract, and negligent retention are all barred by the statute of limitations as Meisner filed

---

[8] The fact that Fortino was no longer an employee at the time of the alleged conspiracy does not change the court's analysis. Further, the case law that Meisner relies on in support of her position is inapplicable. (See Defs.' Reply to Mot. to Dismiss at 13, ECF No. 31 at 13.)



her Complaint more than three years after the alleged conduct. See S.C. Code Ann. §§ 15-3-530(1), 15-3-530(5). Meisner has not presented any response to this argument.[9]

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion to dismiss (ECF No. 8) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 2, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[9] With regard to Defendants John Does and Jane Does 1-10 *(Whose name is unknown or as yet discovered)*, the court notes that Meisner's Complaint fails to state a claim against these defendants. Within the factual allegations of Complaint, Meisner identifies them as agents of Jackson Lewis as part of her civil conspiracy claim. However, Jackson Lewis was previously dismissed from the action as there was no possibility Meisner could establish a cause of action against it. Meisner also mentions them in her claims for breach of contract and tortious inference with a contract by simply identifying them as unknown employees at ZymoGenetics. Meisner's Complaint fails to identify any personal actions by Defendants John Does and Jane Does 1-10. Thus in light of this deficiency and the current posture of this action, the court recommends that these defendants be dismissed without prejudice. See Iqbal, 556 U.S. at 678.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).