IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Rhonda Meisner,<br><br>                     Plaintiff,<br>vs.<br><br>Zymogenetics, Inc, a wholly-owned subsidiary of Bristol Myers Squibb, Inc; Zymogenetics, LLC, a wholly owned subsidiary of Zymogenetics, Inc.; Bristol Myers Squibb, Inc.; Tracey Caldarazzo; Jeff Fortino; John Does and Jane Does 1-10 (Whose name is unknown or as yet discovered),<br>                     Defendants. | Civil Action No. 3:15-cv-3523-CMC<br><br>**Opinion and Order on Defendants' Motion to Dismiss and Motion to Amend Complaint** |

Through this action, Plaintiff Rhonda Meisner ("Plaintiff") seeks recovery from her former employers, Zymogenetics, Inc. and Zymogenetics, LLC[1]; their parent company Bristol Myers Squibb, Inc. ("BMS"); two former employees of Zymogenetics, Tracey Caldarazzo and Jeff Fortino; and John and Jane Does 1-10 (collectively "Defendants"). ECF No. 1, Attachment 1. She alleges breach of contract against Zymogenetics, tortious interference with contract against Tracey Caldarazzo, negligent retention of Caldarazzo (presumably by Zymogenetics), and civil conspiracy against Jeff Fortino and Bristol Myers Squibb[2]. The matter is before the court on Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 8.

---

[1] The court will refer to Zymogenetics, Inc. and Zymogenetics, LLC as "Zymogenetics."
[2] Formerly included in the civil conspiracy claim were Defendants Jackson Lewis, LLP; Jackson Lewis, PC; and Stephanie Lewis, who were previously dismissed as fraudulently joined. ECF No. 22.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On June 2, 2016, the Magistrate Judge issued a Report recommending that Defendants' motion to dismiss be granted. ECF No. 34. Specifically, the Magistrate Judge recommended granting dismissal based on the doctrine of *res judicata* and, in the alternative, based on the statute of limitations.[3] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections on June 20, 2016. ECF No. 37. Defendants filed a reply on July 6, 2016. ECF No. 39. Plaintiff was granted permission to file a sur reply, and did so on July 28, 2016[4]. ECF No. 48.

While the Motion to Dismiss was pending, but after the Magistrate Judge issued her Report, Plaintiff filed a Motion to Amend her Complaint. ECF No. 50. Defendants filed a response in opposition on August 29, 2016. ECF No. 51. Plaintiff filed her reply on September 9, 2016. ECF

---

[3] Defendants John Does and Jane Does 1-10 are dismissed without prejudice for failure to state a claim. While they are named as agents of Jackson Lewis in the civil conspiracy claim, Jackson Lewis has been dismissed from this case. Unnamed Defendants are also mentioned in the breach of contract and tortious interference with contract claims as unknown employees at Zymogenetics; however, the Complaint does not identify any actions undertaken by John or Jane Does.

[4] Plaintiff's deadline for filing her sur reply was July 26, 2016 (fourteen days after entry of the order allowing the sur reply, which was on July 12, 2016). ECF No. 42. However, in an abundance of caution, this court has considered the sur reply when reviewing this Report.

2

No. 52. As the motion to amend is necessarily intertwined with the motion to dismiss, both will be addressed in this Order.[5]

I.   **Motion to Dismiss**

   a.  *Standard*

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

   b.  *Discussion*

---

[5] As the Report had been issued on the Motion to Dismiss, the reference to the Magistrate Judge had been withdrawn by the time the Motion to Amend Complaint was filed.

Plaintiff presents several objections to the Report, essentially arguing that the Magistrate Judge's findings regarding her claims were erroneous and that all claims should survive Defendants' motion to dismiss. The objections are discussed below in turn.

i. Background

Plaintiff first argues that several facts are inconsistent with the previous litigation. She alleges that Defendants are conflating her current slander claim with the one from the first suit, which in fact are two different instances of slander with different legal claims based on the second slander. Plaintiff argues the claims relating to the second slander could not have been brought in the first suit because she was not aware of it until a deposition in Plaintiff's prior lawsuit in this court, C/A No. 3:12-00684-CMC ("*Meisner I*"). Therefore, Plaintiff argues, *res judicata* does not apply because she did not learn the facts that form the basis of the new claims until after the time for amendment of her complaint in *Meisner I* had expired.[6]

It is well established that *res judicata* applies not only to causes of action of which Plaintiff was aware, but also to all which arose out of the same transaction as the first suit. *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986) ("For purposes of res judicata, it is not necessary to ask if the plaintiff knew of his present claim at the time of the former judgment, for it is the

---

[6] Plaintiff filed a motion to amend her complaint in *Meisner I* to include a second cause of action for slander against Caldarazzo, which is the subject of the breach of contract claim in the instant suit. However, this motion to amend was denied as futile based on the statute of limitations for such a claim. Plaintiff failed to file a motion for leave to amend to add the claims in the instant suit in *Meisner I* when she did learn the facts that form the bases of the new claims. She did, however, raise the issues in her opposition to Defendants' Motion for Summary Judgment.

4

existence of the present claim, not party awareness of it, that controls."). It is therefore unpersuasive that, at the time *Meisner I* was filed, Plaintiff was unaware of the second alleged slander she assigns to Ms. Caldarazzo. The facts and any associated claims existed at the time of the first suit and Plaintiff learned of the second alleged slander during the pendency of *Meisner I*. Further, Plaintiff raised the facts and issues underlying the instant claims in her opposition to Defendants' motion for summary judgment in *Meisner I*. Just because the court did not consider these legal claims in the first suit does not mean that Plaintiff may bring them now. Plaintiff's objections regarding when she became aware of certain claims and her "opportunity to litigate" them are unavailing.

### ii. Federal Pleading Standard

Plaintiff's next objection centers on the federal pleading standard as set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), as she seeks to amend the complaint to meet these standards. However, the Magistrate Judge did not decide the motion to dismiss on the basis that the Complaint did not meet the federal pleading standards; in fact, the Magistrate Judge specifically noted that *pro se* complaints were to be liberally construed. The Magistrate Judge determined that Plaintiff's claims were barred due to *res judicata*, not because of a failure to meet federal pleading standards.[7]

### iii. Res Judicata

---

[7] See further discussion of the Complaint and Motion to Amend on page 11, *infra*.

5

Plaintiff argues that *res judicata* does not apply to her claims, initially arguing that her first case was dismissed on procedural grounds, so that *res judicata* would not apply, and that South Carolina law, instead of federal law, should apply because her case was initially filed in state court. This court disagrees with both assertions for the reasons stated below and in the Magistrate Judge's Report.

As an initial matter, this court has determined, consistent with the Magistrate Judge's Report, that federal *res judicata* law applies to the *Meisner* suits. While state *res judicata* law may apply when the first action is adjudicated in federal court based on diversity jurisdiction (*see Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 218 (4th Cir. 2006)), the first suit here was filed in federal court based on federal question jurisdiction (for Plaintiff's federal discrimination claims). *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("For judgments in federal-question cases. . . federal courts participate in developing 'uniform federal rule[s]' of res judicata. . . .").

In federal courts, for *res judicata* to apply there must be: "1) a final judgment on the merits in a prior suit; 2) an identity of the cause of action in both the earlier and later suit; and 3) an identity of parties or their privies in the two suits." *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004).

Plaintiff argues that the first prong does not apply because "when the first case is dismissed, based on procedural grounds, then the party is barred from asserting collateral estoppel or res judicata." ECF No. 37 at 6, citing *Sealy v. Dodge*, 347 S.E.2d 504 (S.C. 1986). However, not only does that case espouse South Carolina instead of federal law, it is inapplicable because *Mesiner I's* summary judgment order was a final disposition on the merits. *See Shoup v. Bell &*

6

*Howell Co.*, 872 F.2d 1178 (4th Cir. 1989) ("For purposes of *res judicata*, a summary judgment has always been considered a final disposition on the merits.").

There do not appear to be specific objections regarding the second prong, that of identity of the causes of action, other than those discussed above in the Background section. The court notes that this prong does not require that the claims in the current suit actually be the same as the first suit, only that the claims arise out of the same facts. *See Harnett*, 800 F.2d 1308, 1314 ("The appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment. . . . Res judicata precludes the litigation by the plaintiff in a subsequent action of claims 'with respect to all or any part of the transaction, or series of connected transactions, out of which the first arose.'"); *Pueschel*, 369 F.3d at 355-56 ("[T]he doctrine of *res judicata* not only bars claims that were actually litigated in a prior proceeding, but also claims that could have been litigated."). As discussed above, Plaintiff's argued lack of knowledge about the current claims prior to the amendment deadline in *Meisner I* does not bar the imposition of *res judicata*. *Pueschel*, 369 F.3d at 355-56 (citing *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991)).

Plaintiff also objects regarding the third prong to the determination of party privity. ECF No. 37 at 9. In support of her argument, Plaintiff cites South Carolina law for **contract** privity, arguing that a party who is not a party to the contract lacks privity to enforce or breach the contract. However, this argument is misplaced. Privity in the *res judicata* context depends on the relationship between the parties in the first and second lawsuits, and is different from privity of contract. For *res judicata*, privity "is merely a word used to say that the relationship between one

7

who is a party on the record and another is close enough to include that other within the res judicata." *Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 494 (4th Cir. 1981). For a non-party from the first litigation to be in privity with parties from the former litigation, the new party must be "so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." *Id.* at 493; *Martin v. American Bancorporation Retirement Plan*, 407 F.3d 643, 651 (4th Cir. 2005).

Next, Plaintiff argues that the Magistrate Judge "did not do an analysis of each claim and instead issued a blanket acceptance of privity which the plaintiff objects to." ECF No 37 at 11-12. However, as discussed below, this court finds the Magistrate Judge's explanation of party privity to be sufficient.

As the Magistrate Judge explained in the Report, privity is not necessary for Zymogenetics or Tracey Caldazarro, as they are both defendants in *Meisner I* and in the current suit. Therefore, the identity of the parties, as required for *res judicata* to apply, is satisfied for those Defendants. The two remaining "new" Defendants (not named in *Meisner I*), BMS and Jeff Fortino, are both in privity with Zymogenetics. Both Zymogenetics entities are wholly-owned subsidiaries of BMS. *See* Compl. at ¶ 6. A relationship between a parent company and a wholly-owned subsidiary is sufficiently close to justify the application of *res judicata*. *Saudi v. Ship Switzerland*, S.A., 93 F. App'x 516, 520 (4th Cir. 2004); *Whitehead v. Viacom*, 233 F.Supp.2d 715, 721 (D.Md. 2002), *aff'd sub nom. Whitehead v. Viacom, Inc.*, 63 F.App'x 175 (4th Cir. 2003). Further, BMS's interests are aligned with Zymogenetics, as evidenced by BMS's hiring of Jackson Lewis to represent Zymogenetics in *Meisner I*, a suit in which BMS was not a defendant. *See* Compl. ¶ 105

("Bristol Myers Squibb Company, Inc. hired Jackson Lewis. . . to represent them in litigation resulting from the termination of Rhonda Meisner.")

Similarly, employees and former employees of an entity are in privity with that entity for *res judicata* purposes. *See Kayzakian v. Buck*, 865 F.2d 1258 (Table), 1988 WL 138438, at *2 (4th Cir. 1988) (holding that privity exists where new defendants were "employees, co-workers, or administrators" of the same entity as the defendants in the prior action); *Malcolm v. Bd. of Educ. of the Honeyoye Falls-Lima Central Sch. Dist.*, 506 F. App'x 65, 68 (2d. Cir. 2012) (finding privity for "current or former agents or employees" of the entity in the first suit). Defendant Fortino was an employee of Zymogenetics during the time Plaintiff was employed there and when the actions giving rise to this suit took place.[8]  *See* Compl. at ¶ 101 ("Jeff Fortino was the former manager of Rhonda Meisner during her tenure at Zymogenetics.")  Defendant Fortino's interests in this suit are necessarily aligned with Zymogenetics' interests as a defendant in the previous suit, as well. Finally, Plaintiff herself agrees that Fortino is in privity with Zymogenetics. *See* ECF No. 37, at 12 ("[I]t is an obvious fact that Mr. Fortino and Zymogenetics, Inc. are in privity with each other in the civil conspiracy claim. . . ."). Therefore, all parties to the current suit are the same as or in privity with the defendants in *Meisner I*.

All three prongs required for *res judicata* to apply are met in this case. Accordingly, *res judicata* works to bar the current lawsuit.

---

[8] Although Plaintiff argues that Defendant Fortino's declaration was written at a time when he was not an employee, he was an employee when the employment actions that are the subject of both suits occurred.

9

iv. Statute of Limitations/Alternative grounds for dismissal

The Magistrate Judge found that, in the alternative, the claims should be dismissed as outside the statute of limitations. In response, Plaintiff argues that her breach of contract and tortious interference with contract claims are not outside the statute of limitations because she did not discover the breach until depositions were taken in *Meisner I* in 2013. However, Plaintiff was clearly aware of the alleged "slanderous report," upon which she bases her breach and tortious interference claims at the time of the first suit, because she alleges that the report "was used against Ms. Meisner in her employment relationship with Zymogenetics and was part of the reason to terminate Ms. Meisner's employment." Compl. at ¶ 68.

As Plaintiff's employment with Zymogenetics was terminated in August of 2010 (Compl. at ¶ 10), any claims regarding her employment or termination occurred on or before that date. Therefore, any breach of contract, tortious interference with that contract, or negligent retention necessarily would have had to occur no later than August 2010. Plaintiff did not file suit until July of 2015, well past the three year statute of limitations for breach of contract and tort claims, including tortious interference with contract. *See* S.C. Code Ann. §§ 15-3-530(1), (5).

Plaintiff also argues that her negligent retention claim is not pre-empted by the Workers' Compensation Act because it is an intentional tort and therefore an exception to the Act. However, the *negligent* retention of an employee is clearly not an *intentional* tort excepted from the Act. In her sur reply, Plaintiff argues that "the company is vicariously liable for [Caldarazzo's] actions." ECF No. 48, at 10. However, Plaintiff alleges negligent retention, not vicarious liability, on behalf of Zymogenetics regarding Candarazzo. Further, it is well established that the Act provides the

10

exclusive remedy for an employee who brings a claim of negligence in hiring, retention, or supervision of a co-employee. *See Sabb v. S.C. State Univ.*, 567 S.E.2d 231, 234 (S.C. 2002); *Addison v. CMH Homes, Inc.*, 47 F.Supp.3d 404, 429 (D.S.C. 2014). As the statute of limitations for the Worker's Compensation Act is two years (S.C. Code. Ann. § 42-15-40), this claim was filed outside the statute of limitations.[9]

Therefore, Plaintiff's claims are also subject to dismissal on statute of limitations grounds.

## II.     Motion to Amend

Plaintiff requests permission to amend her Complaint to meet the heightened pleading standards for federal court. ECF No. 50. Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice requires." However, it is well established that leave to amend may be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *see also Equal Rights Center v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010) ("[A] district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse to grant the leave without any justifying reason." (citation omitted)).

---

[9] Assuming *arguendo* that Plaintiff's negligent retention claim was not preempted by the Worker's Compensation act, it would still be filed outside the three year statute of limitations for torts. S.C. Code Ann. §§ 15-3-530 (5).

11

Plaintiff's proposed Amended Complaint contains further factual allegations against Defendants and one additional legal claim, breach of contract accompanied by a fraudulent act. ECF No. 50-1. Plaintiff argues that this amendment is necessary because of the removal from state to federal court, where her complaint must pass heightened pleading standards to survive a motion to dismiss. However, as noted above, the Magistrate Judge's Report, and this court's determination, of the Motion to Dismiss were not based on any problems with the form or sufficiency of the pleading itself. In fact, the Magistrate Judge specifically explained that Plaintiff's *pro se* Complaint was liberally construed, and decided the motion on a matter of law, not facts (or lack thereof).

Plaintiff's proposed amendments to her Complaint are futile. As explained above, claims regarding Plaintiff's employment and actions that occurred during the employment relationship are barred by *res judicata* and/or by the statute of limitations. Plaintiff's addition of facts and another cause of action serve to strengthen, not weaken, those conclusions, as they further demonstrate that the claims in this complaint arise out of the same facts as the previous suit and therefore that *res judicata* applies. *See Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640 (4th Cir. 2011) (upholding district court's denial of leave to amend when *res judicata* applied and therefore amendment would be futile); *Paul v. S. C. Dep't of Transp.*, No. CA 3:12-1036-CMC-PJG, 2013 WL 1182591, at *2 (D.S.C. Mar. 21, 2013) (denying leave to amend as futile because the plaintiff's claims were barred by *res judicata* and/or the statute of limitations); *Barnett v. Bank of Am., N.A.*, No. CIV.A. RDB-12-0422, 2012 WL 3775763, at *4 (D. Md. Aug. 29, 2012) ("Because this Court concluded that Plaintiff's claims are barred under the doctrine of *res judicata,*

12

amendment of those same claims does not alter the 2008 Action's preclusive effect, and the motion for leave to amend will be denied."). Despite Plaintiff's argument, Defendants did not acquiesce in the filing of the current suit, as Plaintiff suggests, merely by removing the case. The case Plaintiff cites in support of this proposition, *Beazer East, Inc. v. United States Navy*, No. 96-1736, 1997 WL 173225 (4th Cir. Apr. 11, 1997), is inapposite, as it discusses two claims filed in the same time frame (the second having been filed while the first was pending). Such is not the case here.

In addition, Plaintiff's motion to amend is also denied due to undue delay that is prejudicial to Defendants. Plaintiff did not file her motion to amend until August 11, 2016 – over two months after the Magistrate Judge issued her Report recommending that Defendants' long-pending Motion to Dismiss be granted, and over four months after this court denied Plaintiff's motion to remand, thereby officially exercising jurisdiction over Plaintiff's claims. Plaintiff contends the court "only recently ruled that it had subject matter jurisdiction and most critically that the state court filed complaint would be evaluated under the federal pleading standards as outlined in *Iqbal* and *Twombly*." ECF No. 52, at 6. However, the ruling on jurisdiction was over four months prior to Plaintiff's filing of her motion to amend, and as noted previously, the federal pleading standards are not the reason for the dismissal here. Plaintiff noted that she would file a motion to amend with her objection to the Magistrate Judge's Report (filed on June 20, 2016); however, she did not do so until nearly eight weeks later. She offers no explanation for her delay in filing.

While delay alone may not be a sufficient reason to deny leave to amend, in this case, the delay is accompanied by prejudice to Defendants. *See Nat'l Bank of Wash. v. Pearson*, 863 F.2d

13

322, 328 (4th Cir. 1988) ("When accompanied by bad faith on the part of the movant, futility of the proposed amendment, or prejudice to the non-movant, however, undue delay is an appropriate ground for a district court's denial of leave to amend."). Defendants have fully briefed their motion to dismiss, as well as several other motions brought by Plaintiff, prior to this motion to amend, which is based on facts known to Plaintiff at the time of the removal.

> To allow the Plaintiff to amend its Complaint at this stage of the proceedings, after the Magistrate Judge has issued a formal recommendation regarding the disposition of a dispositive motion, would not only prejudice the Defendants, who have expended the time and expense of fully briefing a motion to dismiss; it would encourage dilatory practices on the part of plaintiffs in delaying motions for leave to amend until after they have the benefit of a Magistrate Judge's opinion.

*Allison Outdoor Advert., LP v. Town of Canton, N.C.*, No. 1:11CV58, 2012 WL 4061510, at *11 (W.D.N.C. Sept. 14, 2012); *see also Googerdy v. N.C. Agr. and Tech. State Univ.*, 286 F. Supp. 2d 618, 623 (M.D.N.C. 2005).

Therefore, due to futility as well as delay accompanied by prejudice to Defendants, Plaintiff's motion to amend is denied.

## III. Conclusion

Based on a *de novo* review of the record, the complaint, the motions and responses, the applicable law, the Report and Recommendation of the Magistrate Judge, and the objections, the court finds that the Report and Recommendation of the Magistrate Judge has correctly concluded

14

that Plaintiff's claims are barred by *res judicata* or, in the alternative, by the statute of limitations.[10] The Report and Recommendation, therefore, is adopted and incorporated by reference. Defendants' motion to dismiss is **granted**.[11]  Plaintiff's motion to amend is **denied**. Plaintiff's claims are **dismissed with prejudice** as to Defendants Zymogenetics, Inc., Zymogenetics, LLC, Bristol Myers Squibb, Tracey Caldarazzo, and Jeff Fortino, and **without prejudice** as to John and Jane Does.

    **IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 15, 2016

---

[10] In the motion to dismiss and their opposition to Plaintiff's motion to amend, Defendants request sanctions against Plaintiff for filing claims barred by *res judicata*, in bad faith. The Report did not address this issue. In any case, the court declines to impose sanctions on Plaintiff at this time.

[11] While dismissal under Federal Rule of Civil Procedure 12(b)(6) may be without prejudice for some cases, the grounds for dismissal here (*res judicata* and statute of limitations) necessitate dismissal with prejudice.

15