IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Rhonda Meisner,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>Zymogenetics, Inc., *a wholly-owned subsidiary of Bristol Myers Squibb, Inc.*; Zymogenetics, LLC, *a wholly-owned subsidiary of Zymogenetics, Inc.*; Bristol Myers Squibb, Inc.; Tracey Caldarazzo; Jeff Fortino; Stephanie Lewis, *individually and as a member of Jackson Lewis, PC, Greenvillle*; Jackson Lewis LLP, Greenville; Jackson Lewis, PC; John Does and Jane Does 1-10 (*whose name is unknown or as yet discovered*),<br><br>　　　　Defendants. | C/A. No. 3:15-3523-CMC-PJG<br><br><br><br>**Opinion and Order on<br>Plaintiff's Motion to Vacate** |

This matter is before the court on Plaintiff's "Motion to vacate the denial of her motion to remand based on extrinsic fraud." ECF No. 76. Plaintiff relies on alleged "extrinsic fraud perpetrated . . . by defendants" relating to the existence of diversity jurisdiction. *Id.* at 1 (expressly relying on S.C. R. Civ. P. 60(b)).[1] More specifically, she argues defense counsel committed fraud because one or more Defendants, their law firm, and the defense attorney who signed pleadings "understood that limited liability companies that are owned by corporations have as their citizenship all the shareholders [of the corporation] which in this case is citizens of all fifty states[.]" *Id.* at 3. She further alleges Defendant "Zymogenetics, LLC . . . has, as its members,

---

[1] The court deems the motion to be pursued under the corresponding federal rule, Rule 60(b) of the Federal Rules of Civil Procedure.

South Carolina citizens and residents based on their status as shareholders of Bristol Myers Squibb, Inc." *Id.*

While Defendants raise other arguments that might require denial of Plaintiff's motion, the court declines to reach those arguments because Plaintiff's central legal premise, that an LLC with an upstream, corporate member is a citizen of the same states as the corporation's shareholders, is flawed.[2] Plaintiff is correct that the citizenship of an artificial entity *other than a corporation* is the same as the citizenship of all of its members. *See Carden v. Arkoma Associates*, 494 U.S. 185, 189 (1990) (holding limited partnerships are citizens of the same states as all partners including

---

[2] Defendants argue the motion is untimely and Plaintiff has failed to point to any fraud. While the court declines to rule on either argument, it notes the following weaknesses in both.
    **Timeliness.** A motion for relief from "a final judgment, order or proceeding" based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(b)(3), (c)(1). The present motion was filed more than a year after the last preceding docket entry. *See* ECF No. 75 (November 1, 2017 mandate and judgment on appeal); ECF No. 76 (motion to vacate). The specifically-challenged order or orders were entered substantially earlier. *See* ECF No. 22 (April 7, 2016 order denying remand); ECF Nos. 53, 54 (September 15, 2016 order and judgment dismissing action); ECF No. 65 (November 28, 2016 order denying motion to alter judgment). Thus, regardless which prior entry is challenged, the motion appears to be untimely.
    **Fraud.** Even if Plaintiff's central legal premise was correct, and it is not, she has failed to present any evidence Defendants either withheld information or made misrepresentations that precluded her from making her present argument prior to entry of judgment. To the contrary, Plaintiff herself alleged and Defendants disclosed information reflecting both that Bristol Myers Squibb, Inc. ("BSM") was an upstream, indirect "owner" of Zymogenetics, LLC, and that BSM was a publicly traded company. *See* ECF No. 1 at 5; ECF No. 1-1 ¶¶ 4, 6. Thus, Plaintiff has failed to point to any misrepresentation, fraud, or misconduct that might justify her belated jurisdictional argument.

limited partners); *Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 121 (4th Cir. 2004) (holding limited liability company's "citizenship is that of its members").

Where Plaintiff errs is in ignoring the test for determining citizenship of a corporation for purposes of diversity jurisdiction. That test is established by 28 U.S.C. § 1332(c), which provides "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Plaintiff offers neither argument nor evidence that any corporate member of Zymogenetics, LLC is incorporated in or has its principal place of business in South Carolina (the state of which Plaintiff is a citizen) or that it has any members that are not corporations. She relies solely on an argument Zymogenetics, LLC is a citizen of South Carolina because *shareholders* of BSM, which Plaintiff characterizes as an upstream corporate member of Zymogenerics, LLC, include citizens of South Carolina. This argument fails as it ignores the statutory test for determining citizenship of a corporation.

## CONCLUSION

For reasons set forth above, Plaintiff's motion is denied.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
June 4, 2019